UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALDEMAR GAITAN, JR., | No. 1:23-cv-00926-SKO (HC) |
| Petitioner, | **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE** |
| v. | **FINDINGS AND RECOMMENDATION TO DISMISS PREMATURE PETITION** |
| SAMUEL DALESANDRO, et al., | **[TWENTY-ONE DAY OBJECTION DEADLINE]** |
| Respondents. | |

Petitioner filed a civil rights complaint in this Court on June 20, 2023. Upon review of the complaint, the Court found that Petitioner was challenging his criminal proceedings rather than the conditions of his confinement. Therefore, on July 28, 2023, Magistrate Judge Gary Austin redesignated the action as a habeas case and referred the matter to the undersigned. After conducting a preliminary review, the Court finds that it should abstain from interfering in ongoing state court proceedings, and the petition should be dismissed.

**DISCUSSION**

A.     Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

### B.     Background

At the time of filing the instant petition, Petitioner was in custody in Fresno County Jail awaiting trial which was scheduled to commence on June 5, 2023. Petitioner contends he has been denied reduced bail and has been issued a "no bail" hold. (Doc. 1 at 3.) He also contends he has been denied certain witnesses. (Doc. 1 at 4.) Finally, he alleges that the state court and the prosecution have failed to abide by statutory time limitations. (Doc. 1 at 5.) It does not appear that Petitioner has sought relief in the state courts except in the trial court.

### C.     Younger Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. V. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

The law of habeas corpus also provides guidance on when a district court should abstain from review of a claim. To be granted federal habeas corpus relief, the petition must have exhausted his available state remedies. 28 U.S.C. § 2254(b). The rule of exhaustion is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991). The

exhaustion requirement can be satisfied by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971)

Here, state criminal proceedings are ongoing. California has an important interest in passing upon and correcting violations of a defendant's rights. Roberts v. Dicarlo, 296 F.Supp.2d 1182, 1185 (C.D. Cal. 2002) (citing Koerner v. Grigas, 328 F.3d 1039, 1046 (9th Cir. 2003). The trial court remains available as an adequate forum for Petitioner to seek relief. In addition, the California Court of Appeal and the California Supreme Court are adequate forums for Petitioner to seek further relief for his claims. Roberts, 296 F.Supp.2d at 1185. Therefore, the Court recommends abstaining from interfering in state proceedings pursuant to Younger.

**ORDER**

IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a district judge to this case.

**RECOMMENDATION**

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED WITHOUT PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**August 8, 2023**__            /s/ *Sheila K. Oberto*
                                         UNITED STATES MAGISTRATE JUDGE