UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALDEMAR GAITAN, JR., | No. 1:23-cv-00926-KES-SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS <br> (Doc. No. 12) |
| v. | ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION (Doc. No. 14), DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| SAMUEL DALESANDRO, et al., | |
| Respondents. | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner Valdemar Gaitan, Jr., is a state detainee proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 8, 2023, the assigned magistrate judge issued findings and recommendations to decline to intervene in petitioner's state proceedings and to dismiss the petition. Doc. 12. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within twenty-one (21) days after service. On August 16,

1   2023, petitioner timely filed objections to the findings and recommendations.  Doc. 15.

2   In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the case.  As noted by the magistrate judge, petitioner has avenues of relief available for his claims in the state court proceedings and *Younger* abstention is therefore appropriate.  He states he has raised his claims in the trial court, but his claims have been rejected.  The state court's denial of his claims in his pending criminal case does not equate to an absence of avenues for relief.  Petitioner also concedes that none of his claims have been raised at the appellate court or California Supreme Court levels yet.  There is no reason to believe these additional avenues of relief are unavailable.  Furthermore, petitioner fails to show that he is likely to be irreparably harmed by this court's failure to intervene in the ongoing state court proceedings.  *See Younger v. Harris*, 401 U.S. 37, 46–47 (1971).  He argues only that "irreparable harm is possible and probable when transferred through different facilities."  Doc. 15 at 2.  Having carefully reviewed the entire file, including petitioner's objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis.

Petitioner also filed a motion for injunctive relief on August 9, 2023.  Doc. 14.  The motion asks for the same relief as his petition and is also denied.

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part."  *Miller-El*, 537 U.S. at 338.

The court finds that reasonable jurists would not find the court's determination that the

petition should be denied debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court declines to issue a certificate of appealability.

Accordingly,

1. The findings and recommendations issued on August 8, 2023, Doc. 12, are adopted in full;
2. Petitioner's motion for injunctive relief, Doc. 14, is denied;
3. The petition for writ of habeas corpus is dismissed without prejudice;
4. The Clerk of Court is directed to close the case; and
5. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: September 30, 2024

_____
UNITED STATES DISTRICT JUDGE